Mr. Robert S. Shafer, Esquire Friday, Eldredge Clark 2000 Regions Center 400 West Capitol Avenue Little Rock, Arkansas 72201-3522
Dear Mr. Shafer:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed initiated act. You have previously submitted a popular name and ballot title for a similar measure, which was rejected due to lack of an enacting clause in the proposed act and problems with the submitted popular name and ballot title. See Op. Att'y Gen. No. 2007-248. Your revised popular name and ballot title are as follows:
 Popular Name
 An Act Providing that an Unmarried Individual Who is Cohabiting with an Opposite-Sex or Same-Sex Partner May not Adopt or Be a Foster Parent of a Child Less Than Eighteen Years Old
Ballot Title
A PROPOSED ACT PROVIDING THAT A MINOR MAY NOT BE ADOPTED OR PLACED IN A FOSTER HOME IF THE INDIVIDUAL SEEKING TO ADOPT OR TO SERVE AS A FOSTER PARENT IS COHABITING WITH A SEXUAL PARTNER OUTSIDE OF A MARRIAGE WHICH IS VALID UNDER THE CONSTITUTION AND LAWS OF THIS STATE; STATING THAT THE FOREGOING PROHIBITION APPLIES EQUALLY TO COHABITING OPPOSITE-SEX AND SAME-SEX INDIVIDUALS; STATING THAT THE ACT WILL NOT AFFECT THE GUARDIANSHIP OF MINORS; DEFINING "MINOR" TO MEAN AN INDIVIDUAL UNDER THE AGE OF EIGHTEEN (18) YEARS; STATING THAT THE PUBLIC POLICY OF THE STATE IS TO FAVOR MARRIAGE, AS DEFINED BY THE CONSTITUTION AND LAWS OF THIS STATE, OVER UNMARRIED COHABITATION WITH REGARD TO ADOPTION AND FOSTER CARE; PROVIDING THAT THE DIRECTOR OF THE DEPARTMENT OF HUMAN SERVICES SHALL PROMULGATE REGULATIONS CONSISTENT WITH THE ACT; AND PROVIDING THAT THE ACT APPLIES PROSPECTIVELY BEGINNING ON JANUARY 1, 2009
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects my view of the merits of the proposal. This Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest, 342 Ark. 434, 29 S.W.3d, 669
(2000); Donovan v. Priest, 326 Ark. 353, 931 S.W.2d 119 (1996); and Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185
(1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555
(1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. §7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed initiated act, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that your ballot title is sufficient and it is hereby certified as submitted.
A slight change to your proposed popular name is necessary, in my judgment, however, in order to make it consistent with your measure and with the ballot title you have proposed. In this regard, your proposed popular name is "An Act Providing That An Unmarried Individual Who is Cohabiting With An Opposite-Sex or Same-Sex Partner May Not Adopt or Be a Foster Parent Of A Child Less Than Eighteen Years Old." Your proposed popular name thus characterizes your initiated act as barring an "Unmarried" individual from adopting or being a foster parent under certain circumstances. The text of your measure and your proposed ballot title, however, prohibit an "individual . . . [who] is cohabiting with a sexual partner outside of a marriage . . ." from adopting or fostering a minor. The difference may appear negligible, but the text of your measure is broad enough to prohibit a married individual from adopting or being a foster parent, if he or she is cohabiting outside of marriage with a sexual partner (not his or her spouse). Your popular name does not admit of this possibility and could therefore be found misleading in this regard. See, e.g., Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000) (denying placement of proposed constitutional amendment on the ballot where the popular name misleadingly referred only to "sales taxes" and the text of the measure referred more generally to "any taxes"). Pursuant to A.C.A. § 7-9-107(b) (Repl. 2000), the following popular name is hereby substituted:
 Popular Name
 An Act Providing that an Individual Who is Cohabiting Outside of a valid Marriage with an Opposite-Sex or Same-Sex Partner May not Adopt or Be a Foster Parent of a Child Less Than Eighteen Years Old
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/cyh
Enclosures *Page 1